■ In the Matter of JOSEPH A. FUSCO, Respondent-Appellant, v JEAN A. MIELE et al., Appellants-Respondents, WESTCHESTER COUNTY BOARD OF ELECTIONS, Respondent, et al., Respondents. [712 NYS2d 628] —In a proceeding pursuant to Election Law § 16-102, *inter alia,* to invalidate a petition designating Jean A. Miele and John T. Yu as candidates in a primary election to be held on September 12, 2000, for the nomination of the Independence Party as its candidates for the party positions of Female and Male Members, respectively, of the Independence Party New York State Committee for the 86th Assembly District, the appeal is from so much of a final order of the Supreme Court, Westchester County (Colabella, J.), entered August 10, 2000, as, after a hearing, granted the petition and invalidated the designating petition, and the petitioner cross-appeals from the same final order on the ground that it failed to rule on his alternative challenge to the petition.

Ordered that the cross appeal is dismissed, without costs or disbursements, as the petitioner is not aggrieved by the final order entered in his favor (*see,* CPLR 5511); and it is further,

Ordered that the final order is affirmed insofar as appealed from, without costs or disbursements.

Contrary to the contention of the appellants-respondents, the Supreme Court properly held that certain signatures on the designating petition, consisting only of the first name of the signers, were invalid, even though they were accompanied by the full name of the signers printed next to the signatures. Under these circumstances, the identity of the signer as a registered voter cannot be established by reference to the signature on the petition and that of a person whose name appears in the registration poll ledgers (*see,* Election Law § 6-134 [5]; *Lane v Meisser,* 24 AD2d 720). Accordingly, since the total number of valid signatures is less than the number required for designation, the application by the petitioner was properly granted. Bracken, J. P., McGinity, Luciano, Feuerstein and Schmidt, JJ., concur.